

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

January 23, 2024

The Honorable Brian Birdwell
Chair, Senate Committee on Natural Resources & Economic Development
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0454**

Re: Whether a school district board of trustees has the authority under Education Code section 37.0811(c)(1)–(2) to adopt local procedures to allow uniformed school marshals to duty belt carry their firearm (RQ-0007-AC)

Dear Senator Birdwell:

You ask whether a school district board of trustees may adopt regulations allowing for "duty belt carry" of a handgun.[1] We understand the phrase "duty belt carry" to mean openly carrying a handgun in a holster attached to a belt of the type commonly worn by uniformed law enforcement officers. *See, e.g.*, *City of Austin v. Howard*, No. 03-22-00439-CV, 2023 WL 1869645, at *1–2 (Tex. App.—Austin Feb. 10, 2023, no pet.) (mem. op.) (discussing a "duty belt" and related safety components). While you specifically reference Texas Education Code subsection 37.0811(c) and inquire about school marshals, we understand your question to encompass a school board's broader authority to designate individuals, including school marshals, to duty belt carry a handgun for the protection of students and staff. Accordingly, we begin by reviewing this wider range of authority before moving on to address the specific provision you reference.

Our office has previously opined on what is commonly known as a "guardian plan." *See generally* Tex. Att'y Gen. Op. No. GA-1051 (2014). The authority to implement such plans is derived from multiple sources. A school district board of trustees possesses "the exclusive power and duty to govern and oversee the management of the public schools of the district." TEX. EDUC. CODE § 11.151(b); *see also Davis v. Morath*, 624 S.W.3d 215, 224 (Tex. 2021) (acknowledging the "broad authority" school boards enjoy under this provision). That authority is supplemented by Education Code section 11.1511, which requires a school board to "carry out other powers and duties as provided by this code or other law." TEX. EDUC. CODE § 11.1511(b)(15). One such source

---

[1]*See* Letter from Honorable Brian Birdwell, Chair, Senate Comm. on Nat. Res. & Econ. Dev., to Acting Att'y Gen. Angela Colmenero at 1 (Sept. 11, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ00007AC.pdf ("Request Letter").

of "other law"—Penal Code section 46.03—generally prohibits a person from carrying a firearm on school premises. TEX. PENAL CODE § 46.03. However, as our office explained in GA-1051, subsection 46.03(a)(1) "creates an exception to the prohibition of carrying firearms on school premises for persons acting pursuant to a school district's written regulations and authorization." Tex. Att'y Gen. Op. No. GA-1051 (2014) at 3–4; *see also* TEX. PENAL CODE § 46.03(a)(1)(A) (providing that a person does not commit a criminal offense under that provision if he "possesses or goes with a firearm . . . on the premises of a school [or] on any grounds or building owned by and under the control of a school . . . pursuant to written regulations or written authorization of the school or institution"). These provisions, when read together, authorize a school board to implement a guardian plan that designates one or more individual employees to carry firearms on school premises. *See* Tex. Att'y Gen. Op. No. GA-1051 (2014) at 3 ("Under Education Code subsection 11.151(b), a board may promulgate written regulations and authorization as provided by Penal Code subsection 46.03(a)(1)."). Given its silence on what methods a school district may prescribe for the lawful carrying of a handgun, Penal Code section 46.03 cannot be construed to prohibit adoption of a policy that allows a school marshal to duty-belt carry a firearm. *See Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 291 (Tex. 2018) ("Nothing is to be added to what the text states or reasonably implies . . . . That is, a matter not covered is to be treated as not covered." (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 93 (2012))).

Education Code sections 37.081 and 37.0814 provide another relevant legal framework. Section 37.081 authorizes a school district board of trustees to utilize security personnel that are employed as commissioned peace officers, school district peace officers, or school resource officers. TEX. EDUC. CODE § 37.081. Subsection 37.0814(a) states that a school board "must ensure that at least one armed security officer is present during regular school hours at each district campus." *Id.* § 37.0814(a). In meeting this requirement, the armed security officer must be a school district peace officer, school resource officer, or commissioned peace officer employed as security personnel under section 37.081 unless the school board claims a good cause exception. *Id.* § 37.0814(b)–(c). Where such an exception is claimed, the school board "must develop an alternative standard with which the district is able to comply, which may include providing a person to act as a security officer" that does not fall within these three categories. *Id.* § 37.0814(d). This individual can be "a school marshal" or, alternatively, "a school district employee or a person with whom the district contracts" that "has completed school safety training provided by a qualified handgun instructor" and "carries a handgun on school premises in accordance with written regulations or written authorization of the district under Section 46.03(a)(1)(A), Penal Code." *Id.* Again, nothing in these provisions prohibits the law enforcement personnel that fill such roles from engaging in their common practice of duty-belt carrying a firearm while providing school security.

With these other broad authorities in mind, we now turn to the specific provision about which you inquire. Section 37.0811 generally allows the board of trustees of a school district to "appoint one or more school marshals for each campus." *Id.* § 37.0811(a). Subsection 37.0811(c) sets forth a school marshal's authority as follows:

> (c) A school marshal appointed by the board of trustees of a school
> district or the governing body of an open-enrollment charter school

> may carry a concealed handgun or possess a handgun on the physical premises of a school, but only:
>
> > (1) in the manner provided by written regulations adopted by the board of trustees or the governing body; and
> >
> > (2) at a specific school as specified by the board of trustees or governing body, as applicable.

*Id.* § 37.0811(c). As with the other frameworks discussed above, nothing in subsection 37.0811(c) prohibits a school marshal from duty-belt carrying a handgun.[2] Neither does subsection 37.0811(d) prevent a school board from implementing a written policy that authorizes duty-belt carry on school premises. That provision addresses the content of the written regulations required by subsection 37.0811(c)(1):

> (d) Any written regulations adopted for purposes of Subsection (c) must provide that a school marshal may carry a concealed handgun on the school marshal's person or possess the handgun on the physical premises of a school in a locked and secured safe or other locked and secured location. The written regulations must also require that a handgun carried or possessed by a school marshal may be loaded only with frangible duty ammunition approved for that purpose by the Texas Commission on Law Enforcement.

*Id.* § 37.0811(d). Subsection 37.0811(d) sets a floor for a school marshal's authorities regarding possessing a firearm, below which a school district board of trustees' written regulations may not fall. Specifically, the provision requires a school board to allow a school marshal to "possess the handgun on the physical premises of a school in a locked and secured safe or other locked and secured location." *Id.* By contrast, subsection 37.0811(c) establishes a ceiling for these authorities by authorizing a marshal to "possess a handgun on the physical premises of a school, but only . . . in the manner provided by written regulations adopted by the board of trustees . . . ." *Id.* § 37.0811(c)(1). Noticeably absent from subsection 37.0811(c) is any language limiting possession to "a locked and secured safe or other locked and secured location," despite the Legislature's clear demonstration in the very next subsection—subsection 37.0811(d)—that it knows how to include such limiting language. *Id.* § 37.0811(d). This omission is significant, as courts "presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen." *In re Commitment of Bluitt*, 605 S.W.3d

---

[2]On its face, the phrase "carry a concealed handgun" does not include duty belt carry because a handgun on the duty belt is not concealed. While the Legislature eliminated the "concealed" requirement related to licensure to carry a handgun in 2015, that legislation did not alter the "concealed" language with regard to school marshal authority or school board regulations in Education Code section 37.0811. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 437, 2015 Tex. Gen. Laws 1706, 1706–22 (amending various statutory provisions related to subchapter H of chapter 411 of the Government Code). However, the phrase "possess a handgun" as used in subsection 37.0811(c) does not exclude duty-belt carry. *See* BLACK'S LAW DICTIONARY 257 (10th ed. 2014) (defining "carry" to mean "[t]o possess and convey (a firearm) in a vehicle, including the locked glove compartment or trunk of a car" (citing *Muscarello v. United States*, 524 U.S. 125 (1998))); *see also Muscarello*, 524 U.S. at 134 (observing the term "[c]arry" in the context of firearms "implies personal agency and some degree of possession").

199, 203 (Tex. 2020). By limiting the scope of "possess" in subsection 37.0811(d) but not including the same restrictions in subsection 37.0811(c), the Legislature has provided each school board with some discretion to determine the extent of handgun possession by school marshals that best meets that district's individual needs.

School district boards of trustees possess multiple avenues for allowing a designated individual to carry a handgun for the protection of students and staff, including implementing a guardian plan or utilizing a school security officer. Appointing a school marshal pursuant to Education Code section 37.0811 is another option for accomplishing this important policy goal. Because the authority to "possess" a handgun under subsection 37.0811(c) does not exclude the authority to duty-belt carry a handgun, a court would likely conclude that a school district board of trustees can adopt regulations authorizing a school marshal to "duty belt carry."

### S U M M A R Y

A school district board of trustees may designate an individual to carry a handgun for the protection of students and staff by implementing a guardian plan or utilizing a school security officer. Education Code section 37.0811 provides another option for accomplishing this purpose by generally allowing a school board to appoint one or more school marshals for each campus in the district. Subsection 37.0811(c) authorizes a school marshal to possess a handgun on the physical premises of a school, but only in the manner provided by written regulations adopted by the board of trustees. A school marshal possesses a handgun when it is openly carried on the marshal's duty belt. Therefore, a court would likely conclude that Education Code subsection 37.0811(c) authorizes a board of trustees to adopt regulations that allow a school marshal to duty belt carry a handgun.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee